## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MARCUS TILLMAN,

                    Petitioner,                    Case Number: 2:15-cv-10099
                                                      HONORABLE GERALD E. ROSEN

v.

RANDALL HAAS,

                    Respondent.

_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Marcus Tillman has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan. He challenges his plea-based convictions for second-degree murder and felony-firearm, second offense, on the ground that the trial court lacked jurisdiction over the criminal proceeding because he was not represented by counsel at his arraignment. It is apparent from the face of the petition that habeas relief is not warranted. Therefore, the Court summarily dismisses the petition.

## I. BACKGROUND

Petitioner pleaded no contest in Wayne County Circuit Court to second-degree murder and felony firearm, second offense. On June 29, 2012, he was sentenced to 21 to 30 years in prison for the second-degree murder conviction, and 5 years for the felony firearm, second offense.

Petitioner does not appear to have filed a direct appeal.  Instead, he filed a motion for relief from judgment in the trial court, which was denied.  *People v. Tillman*, No. 12-002930 (Wayne County Cir. Ct. Nov. 22, 2013).  The Michigan Court of Appeals denied Petitioner's application for leave to appeal from the denial of the motion for relief from judgment.  *People v. Tillman*, 320214 (Mich. Ct. App. Feb. 14, 2014).  Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which, upon his written request, was withdrawn and the application dismissed with prejudice.  *People v. Tillman*, 846 N.W.2d 918 (Mich. June 10, 2014).

Petitioner filed another application for leave to appeal in the Michigan Court of Appeals, which was denied.  *People v. Tillman*, No. 321836 (Mich. Ct. App. July 23, 2014).  Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which remains pending.

Petitioner then filed the pending habeas petition.  He raises a single claim: the trial court lacked jurisdiction over the criminal proceeding because Petitioner was not afforded counsel at the arraignment on the warrant.

## II.  STANDARD

Upon the filing of a habeas corpus petition, the court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief."  Rule 4, Rules Governing Section 2254 cases.  If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition.  *McFarland v. Scott*, 512 U.S. 849, 856 (1994)

2

("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").  The habeas petition does not present grounds which may establish the violation of a federal constitutional right.  The petition will be dismissed.

Petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA).  The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (*quoting Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).  "[T]he 'unreasonable application' prong of the statute

permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (*quoting Williams*, 529 U.S. at 413). However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, —, 131 S. Ct. 770, 789 (2011), *quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See*

*Williams,* 529 U.S. at 412.  Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002).  "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003).

Lastly, a federal habeas court must presume the correctness of state court factual determinations.  See 28 U.S.C. § 2254(e)(1).  A petitioner may rebut this presumption only with clear and convincing evidence.  *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## III.  DISCUSSION

Petitioner argues that the trial court lacked jurisdiction over his criminal case because he was not afforded counsel during his arraignment on the warrant.

Claims about the deprivation of constitutional rights that occur before the entry of a guilty plea are foreclosed by the plea.  *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  The United States Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he

5

may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267. Simply stated, a defendant who pleads guilty or no contest generally waives any non-jurisdictional claims that arose before his plea. In such a case, the Court's inquiry is limited to whether the plea was knowing, intelligent, and voluntary. *See Broce*, 488 U.S. at 569. Petitioner pleaded no contest to second-degree murder and felony firearm. Because he has not alleged nor shown that his plea was not knowing, intelligent, or voluntary, Petitioner's claim concerning whether he was represented by counsel at the arraignment on the warrant is waived by his plea.

Moreover, an arraignment on the warrant in Michigan is not considered a critical stage of the proceedings at which counsel is required by the Sixth Amendment. *See Lundberg v. Buchkoe,* 389 F. 2d 154, 158 (6th Cir. 1968). This is especially so in the absence of any evidence that the petitioner made an incriminating statement at the arraignment on the warrant, entered a plea of guilty, or lost or waived any defense. *Id., See also Doyle v. Scutt,* 347 F. Supp. 2d 474, 481 (E.D. Mich. 2004). Petitioner has not alleged that he made any incriminating statement at his arraignment on the warrant or that he lost any available defenses by not pleading them at his arraignment on the warrant. Thus, he is not entitled to habeas relief on this claim. *Id.*

## IV. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed

unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  Rule 11 of

the Rules Governing Section 2254 Proceedings requires that a court "issue or deny a

certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the

denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The substantial showing

threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find

the district court's assessment of the constitutional claims debatable or wrong."  *Slack v.

McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the

conclusion that the petition does not state a claim upon which habeas relief may be

granted.  Therefore, the Court will deny a certificate of appealability.

## V.  CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and

this case is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to

appeal *in forma pauperis* is **DENIED.**


Dated:  February 3, 2015                         s/Gerald E. Rosen
                                                 Chief Judge, United States District Court

I hereby certify that a copy of the foregoing document was served upon the parties and/or
counsel of record on February 3, 2015, by electronic and/or ordinary mail.

                              s/Julie Owens
                              Case Manager, (313) 234-5135