**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARCUS DEWAYNE TILLMAN,

Petitioner, No. 15-cv-10099

vs. Hon. Gerald E. Rosen

RANDY HAAS,

Respondent.
_______________________________/

**OPINION AND ORDER DENYING RECONSIDERATION AND DIRECTING THE CLERK OF THE COURT TO TRANSFER MOTION TO PROCEED ON APPEAL *IN FORMA PAUPERIS* TO THE SIXTH CIRCUIT COURT OF APPEALS**

Marcus Tillman, ("Petitioner"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for second degree murder and felony firearm, second offense. On February 3, 2015, this Court denied petitioner's application for a writ of habeas corpus and also declined to issue a certificate of appealability or to grant leave to appeal *in forma pauperis*. *See Tillman v. Haas,* 2:15-CV-10099, Dkt. # 7. Petitioner has filed a notice of appeal. Petitioner has also filed a motion to proceed on appeal *in forma pauperis,* which this Court will treat in part as a motion for reconsideration of the Court's previous decision to deny petitioner leave to appeal *in forma pauperis*. For the reasons that follow, the Court denies reconsideration of its previous order and judgment. Instead,

the Court will order that petitioner's motion to proceed *in forma pauperis* be transferred to the United States Court of Appeals for the Sixth Circuit.

E.D. Mich. Local Rule 7.1 (h) allows a party to seek reconsideration of a previously entered order or judgment by way of a motion. Because this Court previously denied petitioner leave to appeal *in forma pauperis* when it denied the petition for writ of habeas corpus, the Court construes petitioner's application to proceed without prepayment of fees and costs on appeal as a motion for reconsideration of the Court's prior order to deny him leave to appeal *in forma pauperis*. See *Pettigrew v. Rapelje,* No. 08-12530-BC; 2008 WL 4186271, * 1 (E.D. Mich. September 10, 2008).

A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Id.; See also Flanagan v. Shamo,* 111 F. Supp. 2d 892, 894 (E.D. Mich. 2000). The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof. A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

Petitioner's motion for reconsideration will be denied, because petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied petitioner's habeas

application and declined to issue a certificate of appealability and declined to grant leave to appeal *in forma pauperis. See Hence v. Smith,* 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999). However, the Court will order the Clerk of the Court to transfer petitioner's motion to proceed without prepayment of fees and costs on appeal to the Sixth Circuit. A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985)(citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)( per curiam )); *Workman v. Tate*, 958 F. 2d 164, 167 (6th Cir. 1992). Petitioner's filing of a notice of appeal divests this Court of jurisdiction to consider his motion that he be permitted to proceed *in forma pauperis* in the Sixth Circuit Court of Appeals. *See Johnson v. Woods,* No. 5:12–11632; 2013 WL 557271, * 2 (E.D. Mich. February 13, 2013); *Glick v. U.S. Civil Service Com'n,* 567 F. Supp. 1483, 1490 (N.D. Ill. 1983); *Brinton v. Gaffney,* 560 F. Supp. 28, 29-30 (E.D. Pa. 1983). Because jurisdiction of this action was transferred from the district court to the Sixth Circuit Court of Appeals upon the filing of the notice of appeal, petitioner's motion to proceed *in forma pauperis* on appeal would be more appropriately addressed to the Sixth Circuit. In the interests of justice, this Court can order that petitioner's application to proceed *in forma pauperis* be transferred to the Sixth Circuit for that court's consideration. *See Baker v. Perry,* No. 2:12–10424; 2012 WL 6097323, * 2 (E.D. Mich. December 6, 2012).

**IT IS HEREBY ORDERED** that the Court's reconsideration of its prior order denying leave to appeal *in forma pauperis* is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall transfer petitioner's "Motion to Proceed *In Forma Pauperis*" **[Dkt. # 10]** to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: February 26, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 26, 2015, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135